962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shane C. MCDERMOTT, Plaintiff-Appellant,
v.
Frank O. GUNTER, D.O.C., Executive Director; Lou Hesse, CCF
Superintendent, Defendants-Appellees.
 No. 91-1436.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. McDermott, a state inmate, filed a pro se 42 U.S.C. § 1983 action alleging he was denied due process when placed in administrative segregation and reclassified to a higher security facility. After referring the matter to the Magistrate Judge and considering a Martinez report, the district court dismissed Mr. McDermott's complaint. Mr. McDermott appeals pro se and we affirm.
 
 
 3
 The Martinez report ordered by the Magistrate Judge evidenced that prison officials had discovered an escape plan involving Mr. McDermott and two other inmates. The report also evidenced that after such discovery, Mr. McDermott was removed from the general prison population, given an Administrative Segregation hearing and then assigned a Maximum Administrative Segregation classification. None of these actions affected Mr. McDermott's length of sentence yet to be served.
 
 
 4
 Mr. McDermott responded to the Martinez report by stating the Defendants were delinquent in providing his Notice for Administrative Segregation. He also asserted his change in status was due to the report of a confidential informant. Mr. McDermott "very much doubts the reliability of [that] informant." Mr. McDermott also questioned the thoroughness of the investigative report mentioned in the Martinez report. For example, he pointed out that the investigator failed to obtain the registration number of the aircraft referred to in the investigative report. Mr. McDermott also asserted he was unfairly denied an inmate representative to utilize during the prison hearing concerning his change in classification.
 
 
 5
 The Magistrate Judge, in his recommendation, concluded (1) Mr. McDermott's due process rights were not violated as he received notice and a hearing; (2) Mr. McDermott had no protectable interest in being given a certain prison classification; (3) Mr. McDermott demonstrated no equal protection violation as his pertinent allegations were vague and conclusory; (4) the complaint alleged no personal participation by the Defendants; and (5) the Eleventh Amendment prohibited Mr. McDermott's suit as Defendants were sued only in their official capacity. Consequently, the magistrate judge recommended Mr. McDermott's complaint be dismissed with prejudice. In response, Mr. McDermott criticized each of the Magistrate Judge's conclusions.
 
 
 6
 Although he admitted receiving notice, he stressed he did not receive the notice within the time limits specified by the prison regulations. Mr. McDermott failed, however, to specify how this delay in any way prejudiced his defense.
 
 
 7
 The district court adopted the Report and Recommendations and dismissed the complaint.
 
 
 8
 Mr. McDermott appeals pro se asserting: (1) He did not receive the notice for administrative segregation within the one working day allowed by the prison regulations; (2) a hearing was not held within three working days to determine the need for continued placement; (3) the confidential informant's testimony should not have been allowed in the administrative segregation hearing; (4) the credibility of the confidential informant should have been decided in Mr. McDermott's favor; (5) no proof existed to show an aircraft was going to be used in Mr. McDermott's planned escape; and (6) he was denied his right to representation by an inmate representative at his administrative segregation hearing.
 
 
 9
 Even though no good time credits were taken, Mr. McDermott was entitled to a segregation hearing. Dzana v. Foti, 829 F.2d 558, 561 (5th Cir.1987). He was given a hearing, evidence was admitted, and the confidential informant's evidence was corroborated. The fact that notice may have been late under prison regulations does not rise to constitutional significance in the absence of prejudice.
 
 
 10
 Classification decisions are not for the federal courts, Olim v. Wakinekona, 461 U.S. 238, 245 (1983); therefore we do not address the merits of Mr. McDermott's ultimate reclassification. Likewise, the balance of Mr. McDermott's assigned errors warrant little discussion. Prison officials made the required showing to utilize the confidential informant's evidence and it was corroborated. Federal courts do not make credibility determinations. Finally, Mr. McDermott had no constitutional right to inmate representation.
 
 
 11
 To succeed in maintaining a 42 U.S.C. § 1983 action, a state inmate must show rights guaranteed to him by the United States Constitution or by federal law have been violated. Mr. McDermott has failed to make the necessary showing.
 
 
 12
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3